DENNIS W. POTTS
ATTORNEY AT LAW

DENNIS W. POTTS (1121-0)
ATTORNEY AT LAW
A LAW CORPORATION
1001 Bishop Street
2755 ASB Tower
Honolulu, Hawaii 96813
Telephone No. (808) 537-4575

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARQUETTA CRAYTON, in her capacity as Prochien Ami for ROBERT CRAYTON, A Minor. | ) CIVIL NO. CV08-00235 ACK KSC<br>) (Motor Vehicle Tort)<br>)<br>) COMPLAINT; EXHIBIT "1"; |
| Plaintiff, | ) SUMMONS<br>) |
| vs. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW the Plaintiff above-named, by and through her undersigned attorney and complaining of the Defendant above named alleges and avers as follows:

## PARTIES

1. The Plaintiff, Marquetta Crayton, and the minor, Robert Crayton, currently reside in Virginia Beach, Virginia and are citizens of the State of Virginia.

2. Defendant United States of America (U.S.A.) owns and either directly or through independent contracting entities acting as its agents, oversees, operates and supervises the Moanalua Terrace Navy Housing project in Honolulu, Hawaii, including all traffic engineering and highway design issues and matters relating to said project.

## SUBJECT MATTER JURISDICTION

3. This Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) in that this claim is made against the U.S.A. for monetary damages for personal injuries sustained by the above minor and caused by the negligent acts or omissions of agents, employees or personal representatives of the U.S.A. while acting within the scope of their agency, employment or personal representation, all as related to that certain motor vehicle accident of April 19, 2006 which occurred within the Moanalua Terrace Navy Housing project aforesaid.

## VENUE

4. Under 28 U.S.C. § 1402(b) a civil action on a tort claim against the U.S.A. may be brought in the judicial district where the Plaintiff resides or where the act or omission complained of occurred.

5. Inasmuch as the motor vehicle accident which is the subject of this action occurred in the City and County of Honolulu, State of Hawaii, this action is properly venued in the above Court.

## ADMINISTRATIVE CLAIM

6. On April 7, 2008, Plaintiff submitted an administrative claim to the U.S.A., care of the Navy Regional Claims Office, a true and correct copy of which is attached hereto as Exhibit "1".

7. Exhibit "1" was received by the Navy Regional Claims Office on or about April 14, 2008.

8. On April 30, 2008 Plaintiff's administrative claim was denied pursuant to 28 U.S.C. § 2674 et seq. thus allowing Plaintiff to file this Complaint.

9. Plaintiff has met all conditions precedent to maintaining this action against the U.S.A.

## FACTUAL ALLEGATIONS

10. On April 19, 2006 Lindsay C. M. Lucero, a resident of the Moanalua Terrace Navy Housing project in Honolulu aforesaid, negligently or recklessly operated a motor vehicle within that project in such a manner as to cause a collision with the above minor who was one year old at the time and a pedestrian.

11. The aforesaid motor vehicle accident occurred when said minor was crossing Taylor Street in a southerly direction while Lucero was operating her motor vehicle in a westerly direction on Taylor Street, all within the Moanalua Terrace Navy Housing project.

12. As a direct and proximate result of the motor vehicle accident described in the preceding paragraph of this Complaint, said minor sustained physical injuries of a severe and permanent nature for which he seeks special damages by way of his medical/rehabilitative expenses and loss of income and general damages for his pain, suffering and emotional distress, all in amounts to be shown at trial herein.

13. The U.S.A., along with certain of its agents, employees and personal representatives who are not named herein, was responsible for the design and/or maintenance and/or traffic control and/or safety of all matters relating to

traffic engineering, safety and design within the Moanalua Terrace Navy Housing project, including Taylor Street, at the time of the aforesaid accident.

14. The subject motor vehicle accident described in paragraphs 10 and 11 hereinabove was caused by the negligence of the U.S.A., along with its agents, employees and personal representatives, in failing to perform or discharge its duties and responsibilities as described in paragraph 13 hereinabove with reasonable or due care.

15. The negligence of the U.S.A., along with its agents, employees and/or personal representatives, is and was a substantial factor and the legal cause of the injuries and damages sustained by the aforesaid minor as alleged herein.

16. The U.S.A. is vicariously liable for the negligence of its agents, employees and/or legal representatives to the extent that such negligence was a substantial factor and the legal cause of the injuries and damages sustained by the aforesaid minor as alleged hereinabove.

WHEREFORE Plaintiff prays that judgment be entered in her favor and against the U.S.A. as follows:

1. For special and general damages in amounts to be shown at time of trial; and

2. For prejudgment interest at the legal rate, a reasonable attorney's fee, taxable costs and such other, further relief as the court deems just in the premises.

Dated: Honolulu, Hawaii, _____5/19/08_____.

_____
DENNIS W. POTTS
Attorney for Plaintiff