please complete from and back of this form

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**
Department of the Army
25thID(L)&USARHAW Staff Judge Advocate
ATTN: Schofield Barracks Area Claims Office
Bldg 2037
Schofield Barracks, Hawaii 96857-6022

**2. Name, Address of claimant and claimant's personal representative, if any.** (See instructions on reverse.) (Number, street, city, State and Zip Code)
SSN: 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    MIL RANK N/A
Robert Crayton through his Prochien Ami,
Marquetta Crayton, 4213 E. Enterprise Blvd.
TAX ID #(for business only) Virginia Beach, VA 23453

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH 6/7/04 | 5. MARITAL STATUS single | 6. DATE AND DAY OF ACCIDENT April 19, 2006 | 7. TIME (A.M. or P.M.) 4:50 pm |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See attached.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Severe and permanent injuries to said minor's right leg, ankle and foot.

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Marquetta Crayton | 4213 E. Enterprise Blvd., Virginia Beach, VA 23453 |
| Jonah Jacquet-former address | 3428 Taylor St., Honolulu, HI 96818 |
| Christine Dunnaway | 3424 Taylor St., Honolulu, HI 96818 |
| Lindsay Lucero | 4135 Rood Court, Honolulu, HI 96818 |
| Officer D. Keni, Badge No. 2104 | 801 So. Beretania St, Honolulu, HI 96813 |
| Officer L. Akina, Badge No. 2934 | 801 So. Beretania St, Honolulu, HI 96813 |

**12.** (See instructions on reverse)    **AMOUNT OF CLAIM (In dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $5,000,000.00 | N/A | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See Instructions on reverse side.) *[signature: Marquetta T. Crayton]* | 13b. Phone number of signatory 757-589-9330 | 14. DATE OF CLAIM 4/7/08 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

EXHIBIT ___

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

### INSTRUCTIONS
**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch  
Civil Division  
U.S. Department of Justice  
Washington, DC 20530

and to the  
Office of Management and Budget  
Paperwork Reduction Project (1105-0008)  
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. [X] No

**16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?**

N/A

**17. If deductible, state amount**

N/A

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** *(It is necessary that you ascertain these facts)*

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* [X] No

SF 95 (Rev. 7-85) BACK

Crayton v. Lucero, et al.
CLAIM FOR DAMAGE, INJURY, OR DEATH

8. The minor, Robert Crayton, was struck by a vehicle being operated by LINDSAY C. M. LUCERO in the Moanalua Terrace Navy Housing off of Salt Lake Boulevard in Honolulu, Hawaii on the above date. This accident happened on Taylor Street within the Navy Housing at a time when Lucero was exceeding the posted speed limit of 15 miles per hour. Lucero and others driving through Taylor had been known to drive in excess of the posted speed limit in the past and a number of complaints had been made to the company managing Moanalua Terrace Navy Housing, Forest City Enterprises, about this prior to the accident. Requests were made that something be done, such as the installation of speed bumps on Taylor Street or some other appropriate traffic calming measure, prior to the accident. Nothing was done prior to the subject accident. If speed bumps had been installed as requested, this accident would not have happened. As a result of the foregoing, the Federal Government was negligent in failing to timely respond to the complaints made by residents of Moanalua Terrace Navy Housing that action be taken to reduce the excessive speed of certain vehicles being operated there.